<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

RONALD H. TUTTLE,              :    CIV. NO. 20-2523 (RMB-KMW)
                              :
            Plaintiff,         :
                              :
      v.                       :         **OPINION**
                              :
UNITED STATES OF AMERICA,      :
                              :
            Defendant          :


     This matter comes before the Court upon Plaintiff's motions
for default judgment and preliminary injunctive relief (Dkt. Nos.
33, 34) in this action under the Federal Tort Claims Act.  For the
reasons discussed below, the Court denies Plaintiff's motions.

I.   BACKGROUND

     Plaintiff, Ronald H. Tuttle, a prisoner confined in the
Federal Correctional Facility in Oakdale, Louisiana, acting pro
se, filed this Federal Tort Claim action on March 9, 2020. (Compl.,
Dkt. No. 1.) Upon receipt of the filing fee, the Court permitted
the complaint to proceed, after screening for dismissal pursuant
to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1). (Order, Dkt. No.
19.) On December 11, 2020, Plaintiff submitted a summons returned
as executed on the United States' Attorney's Office. (Dkt. No.
31.)[1]

---

[1] Proper service on the United States of America requires a party

II.  DISCUSSION

    A.  <u>Motion for Default Judgment</u>

       Obtaining  a  default  judgment  is  a  two-step  process. <u>Sourcecorp Inc. v. Croney</u>, 412 F. App'x 455, 458 (3d Cir. 2011). First, a party must seek entry of default by the Clerk of Court under Federal Rule of Civil Procedure 55(a), which provides:

> when  a  party  against  whom  a  judgment  for affirmative  relief  is  sought  has  failed  to plead or otherwise defend, and that failure is shown  by  affidavit  or  otherwise,  the  clerk must enter the party's default.

Second,  a  party  must  apply  to  the  court  to  convert  the  default

to:

> (A)(i)  deliver  a  copy  of  the  summons  and of the  complaint  to  the  United  States  attorney for  the  district  where  the  action  is  brought--or to an assistant United States attorney or clerical  employee  whom  the  United  States attorney  designates  in  a  writing  filed  with the  court  clerk—or
>
>     (ii)  send  a  copy  of  each  by  registered  or certified mail to the civil-process clerk at  the  United  States  attorney's  office;
>
> (B)  send  a  copy  of  each  by  registered  or certified mail to the Attorney General of the United  States  at  Washington,  D.C.

Fed. R. Civ. P. 4(i)(A), (B). Plaintiff has not shown that he sent a copy of the summons and complaint to the Attorney General of the United States  by  registered  or  certified  mail,  addressed  to: Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, NW Washington, DC 20530-0001. If Plaintiff has not done so, he will need to seek an extension of time, under Federal Rule of  Civil  Procedure  4(m),  to  complete  service  upon  the  United States.

into a default judgment. Fed. R. Civ. P. 55(b)(2). When default judgment is sought against the United States, the claimant "must establish a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d).

Plaintiff did not obtain a default from the Clerk prior to seeking default judgment with the Court. Therefore, the Court will deny Plaintiff's motion for default judgment. Additionally, the Court notes that Plaintiff did not submit evidence to establish his right to relief on his claim against the United States, which is also a prerequisite to default judgment.

B.   Motion for Preliminary Injunctive Relief

Plaintiff's complaint contains one claim under the Federal Tort Claims Act for an alleged incident of assault on Plaintiff by a staff member, on December 16, 2018, at FCI Fort Dix. (Compl., Dkt. No. 1 at 3.) For relief, Plaintiff requested money damages and immediate release from prison. (Id. at 4.) Plaintiff filed a motion for a preliminary injunction on January 21, 2021. (Mot. for Prelim. Inj., Dkt. No. 34.) Plaintiff is presently incarcerated in the Federal Correctional Institution in Oakdale, Louisiana ("FCI-Oakdale"). He seeks the following injunctive relief: (1) to provide Plaintiff with ten regular envelopes per week or permit him to buy one box of regular envelopes from the commissary per week because staff at Oakdale are retaliating against him by withholding envelopes because he filed a lawsuit in Shreveport; (2) order FCI

Oakdale and the Bureau of Prisons Designation and Computation Center to correct Plaintiff's home confinement date; (3) release Plaintiff because he requires outside medical care for a lump on his nose, which he fears is cancerous; (4) release Plaintiff because he has medical conditions that put him at risk of severe illness if he is infected with COVID-19 in prison.

1.   <u>Standard of Law</u>

Federal Rule of Civil Procedure 65(a)-(b)(1) provides:

(a) Preliminary Injunction.

(1) Notice. The court may issue a preliminary injunction only on notice to the adverse party.

(2) Consolidating the Hearing with the Trial on the Merits. Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

(b) Temporary Restraining Order.

(1) *Issuing Without Notice*. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in

4

opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The same four-factor test is applied to requests for a temporary restraining order or a preliminary injunction.  See e.g. Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990) (preliminary injunction); DePinto v. Bayonne Bd. of Educ., 514 F.Supp.2d 633, 636 (D.N.J. 2007)(temporary restraining order).  The movant must produce sufficient evidence that all four factors favor preliminary relief.  Opticians Ass'n of America, 920 F.2d at 192.  The four factors are:

"[1] the likelihood that the applicant will prevail on the merits at final hearing; [2] the extent to which the plaintiffs are being irreparably harmed by the conduct complained of; [3] the extent to which the defendants will suffer irreparable harm if the preliminary injunction is issued; and [4] the public interest." Bill Blass, Ltd. v. Saz Corp., 751 F.2d 152, 154 (3d Cir. 1984).

Id.

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'"

Ferring Pharmaceuticals, Inc. v. Watson Pharmaceuticals, Inc., 765 F.3d 205, 210 (3d Cir. 2014)(quoting Novartis Consumer Health, Inc. v. Johnson & Johnson–Merck Consumer Pharm. Co., 290 F.3d 578, 586 (3d Cir. 2002) (quotation marks omitted)). The movant bears the burden of proof. Id.

   2.   Analysis

The injunctive relief sought by Plaintiff has nothing to do with the tort claim against the United States for the alleged assault by a corrections officer at FCI Fort Dix. Plaintiff is no longer incarcerated at FCI Fort Dix. Preliminary injunctive relief is not a tool for prisoners to use to regulate "in every way, every day, the terms and conditions of plaintiff's confinement simply because they are 'in court' and regardless of the relation of the activity desired to be stopped with the claim in the complaint." Muhammad v. Director of Corrections, No. CIV S-07-0375 GEB GGH P, 2009 WL 161075, at *1 (E.D. Ca. Jan. 22, 2009). Plaintiff cannot establish the likelihood of success on the merits of his claims by raising new, unrelated claims. Therefore, the Court denies Plaintiff's motion for a preliminary injunction.

The Court notes that Plaintiff could *potentially* bring a habeas claim under 28 U.S.C. § 2241 in *his district of confinement* based on an alleged error in his home confinement release date. Additionally, if he has not already done so, Plaintiff has an option to seek early release *from his sentencing*

6

court based on the risk posed to him by COVID-19 in FCI-Oakdale, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

III.  CONCLUSION

       For the reasons discussed above, the Court denies Plaintiff's motion for default judgment and motion for a preliminary injunction.


An appropriate order follows.


Dated: February 17, 2021

                                  s/Renée Marie Bumb
                                  **RENÉE MARIE BUMB**
                                  **United States District Judge**