UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| RONALD H. TUTTLE, | : | Civ. Action No. 20-2523(RMB/KMW) |
| Plaintiff | : | **OPINION** |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant | : | |

BUMB, United States District Judge

This matter comes before the Court upon Plaintiff's motions for default judgment (Dkt. Nos. 37, 39), motion for writ of mandamus (Dkt. No. 41), Defendant's brief in opposition to default judgment (Dkt. No. 46), and Plaintiff's letter request for a stay of this matter. (Dkt. No. 48.) For the reasons discussed below, the Court denies Plaintiff's motions for default judgment and mandamus, and grants his request to stay this matter pending his release from a halfway house in Rochester, New York.

I. BACKGROUND

Plaintiff, Ronald H. Tuttle, was a prisoner confined in the Federal Correctional Facility in Oakdale, Louisiana, at the time he filed this pro se Federal Tort Claim action on March 9, 2020, for a sexual assault that allegedly occurred in the Federal Correctional Institution in Fort Dix, New Jersey. (Compl., Dkt. No. 1.) Upon receipt of the filing fee, the Court permitted the complaint to proceed, after screening for dismissal pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1). (Order, Dkt. No. 19.) Plaintiff filed a series of motions for default judgment, the first two of which the Court denied without prejudice by Opinion and Order

dated February 18, 2021. (Opinion, Dkt. No 35.; Order, Dkt. No. 36.) For the reasons discussed below, the Court will deny Plaintiff's renewed motions for default judgment and motion for mandamus and grant his motion to stay this matter pending his release to home confinement.

II.     DISCUSSION

    A.     Motion for Default Judgment

As this Court noted when it denied Plaintiff's previous motions for default judgment, obtaining default judgment is a two-step process under Federal Rule of Civil Procedure 55; and the first step requires a party to obtain an entry of default from the Clerk's Office. Sourcecorp Inc. v. Croney, 412 F. App'x 455, 458 (3d Cir. 2011). Plaintiff did not obtain an entry of default from the Clerk prior to seeking default judgment with the Court. Therefore, the Court will deny Plaintiff's motions for default judgment without prejudice. This renders moot Plaintiff's motion for mandamus, requesting the Court to act on his motions for default judgment. Plaintiff has also requested to stay this matter pending his release from a halfway house to home confinement. Seeing no prejudice to Defendant from granting a short stay early in this proceeding, the Court will grant Plaintiff's motion to stay until he is released to home confinement. Plaintiff's must file a motion to reopen this matter within 30 days from his release to home confinement.

III. CONCLUSION

For the reasons discussed above, the Court denies Plaintiff's motions for default judgment and mandamus, and grants Plaintiff's motion to stay this action.

An appropriate order follows.

**Dated: October 26, 2021**

s/Renée Marie Bumb  
**RENÉE MARIE BUMB**  
**United States District Judge**