**[ECF Nos. 99, 101, 115]**

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **IN RE RONALD H. TUTTLE** | Civil No. 20-2523 (RMB/SAK) |

**OPINION AND ORDER**

This matter comes before the Court upon *pro se* Plaintiff Ronald H. Tuttle's Motions for Default Judgment [ECF Nos. 99, 115] and Defendants United States of America and C.O. Tutela's (collectively, "Defendants") Motion for Leave to File an Amended Answer or, in the alternative, to Extend the Time to Answer [ECF No. 101]. The Court received Defendants' opposition to Plaintiff's motions [ECF Nos. 101, 122], as well as Plaintiff's opposition to Defendants' motion [ECF Nos. 103, 107] and his reply [ECF No. 126].[1] The Court exercises its discretion to decide the motions without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, Defendants' motion is **GRANTED**, and Plaintiff's motions are **DENIED** as moot.

**I.     BACKGROUND**

Plaintiff filed this action on March 9, 2020 against Defendant United States of America asserting a claim pursuant to the Federal Tort Claims Act ("FTCA"). *See* Compl. [ECF No. 1]. Plaintiff subsequently filed another action against Defendant C.O. Tutela asserting a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for an alleged Eighth Amendment violation. *See Bivens* Compl. [Civil No. 20-7192, ECF No. 1]. Both

---

[1] The Court notes that it also received a letter from Plaintiff addressed to the Honorable Renée M. Bumb, C.U.S.D.J., largely echoing arguments he already raised and attaching a copy of his reply thereto. *See* Pl.'s Letter, Jan. 28, 2023 [ECF No. 127].

claims arise out of an incident that allegedly occurred while Plaintiff was an inmate confined at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey.[2] Plaintiff generally alleges that he was assaulted by Tutela, a corrections officer at FCI Fort Dix. Plaintiff further alleges he sustained serious physical injury and mental trauma and, as a result, seeks monetary and injunctive relief for both claims.

Defendant Tutela filed an answer [Civil No. 20-7192, ECF No. 20] to the *Bivens* action on June 1, 2021. The United States, however, has not yet filed a responsive pleading with respect to the FTCA action. On December 11, 2020, Plaintiff filed a summons returned as executed on the United States Attorney's Office ("USAO") for this District in the FTCA action. *See* ECF No. 31. On January 21, 2021, and despite the deadline for responding having not expired, Plaintiff filed a motion for default judgment [ECF No. 33] premised upon the United States' failure to respond. In denying the motion, the District Court noted that Plaintiff failed to show that he properly served Defendant. *See* Op., Feb. 18, 2021 at 1 n.1 [ECF No. 35]. This notwithstanding, Plaintiff's motion was ultimately denied because "Plaintiff did not obtain a default from the Clerk prior to seeking default judgment with the Court." *Id.* at 3.

Shortly thereafter, Plaintiff filed three more motions: two motions for default judgment [ECF Nos. 37, 39] and a motion for writ of mandamus [ECF No. 41]. The United States opposed these motions on September 22, 2021. *See* ECF No. 46. In its opposition, Defendant contended it "first became aware of [the FTCA action] on September 14, 2021, when an Assistant United States Attorney from the USAO spoke with [] Plaintiff concerning [the *Bivens* action]." *See id.* at 2–3. Counsel entered an appearance on the United States' behalf the following day. Plaintiff's motions for default judgment were later denied on the same basis as his first. *See* ECF No. 50.

---

[2] At the time of filing both actions, Plaintiff was incarcerated at the FCI in Oakdale, Louisiana. Plaintiff has since been released to home confinement in New York. *See* ECF Nos. 52, 53.

The FTCA action was subsequently stayed at Plaintiff's request and without objection from Defendants. *See* ECF Nos. 50, 51; *see also* Pl.'s Letter, Oct. 5, 2021 [ECF No. 48]; Defs.' Letter, Oct. 7, 2021 [ECF No. 49]. Upon being reopened, an initial conference was scheduled. Following this conference, the Court issued a Scheduling Order prescribing, *inter alia*, that the deadline for seeking amendments to the pleadings would expire on June 6, 2022. *See* Order, Mar. 31, 2022 ¶ 7 [ECF No. 66]. No party sought an extension to this deadline.[3] Plaintiff's two actions were then consolidated for all purposes with the FTCA action designated as the lead case under the caption of "In re Tuttle." *See* Order, Apr. 7, 2022 at 2 [ECF No. 68; Civil No. 20-7192, ECF No. 54]. Since the consolidation, discovery has been conducted for both actions.

The Court conducted several on-the-record status conferences with the parties thereafter. At one of these conferences on October 24, 2022, the United States raised the issue of its attempt to file a responsive pleading out-of-time to the FTCA claim with Plaintiff's consent. The parties were directed to meet and confer regarding the issue and promptly advise the Court of the outcome. *See* Am. Sched. Order, Oct. 25, 2022 ¶ 3 [ECF No. 92]. On October 31, 2022, Defendants filed a letter indicating that Plaintiff consented to Defendants amending their answer to the *Bivens* action to include a response to the FTCA action. *See* Defs.' Letter [ECF No. 95]. On November 2, 2022, however, Plaintiff filed a letter [ECF No. 98] stating that he did not consent. Plaintiff concurrently filed a motion for default judgment [ECF No. 99] premised on the United States' failure to respond to his FTCA claim. Defendants oppose Plaintiff's motion arguing that it is procedurally improper and substantively deficient. *See* Defs.' Mot. Br. at 12–14 [ECF No. 101-1].

Defendants now move for leave to file an amended answer to the *Bivens* claim to include a response to the FTCA claim, or alternatively, to extend the time to answer to the FTCA claim.

---

[3] The Court notes that in Plaintiff's *Bivens* action, the relevant deadline was January 7, 2022. *See* Sched. Order, July 27, 2021 ¶ 4 [Civil No. 20-7192, ECF No. 31].

3

*See id.* at 5–12.  Attached to Defendants' motion are two copies of the proposed amended answer.  *See* Defs.' Mot., Exs. 1, 2 [ECF Nos. 101-2, 101-3]; L. Civ. R. 15.1(a).  Defendants contend that good cause exists to permit the proposed amendment on the basis that it is not sought in bad faith and will not prejudice Plaintiff.  *See* Defs.' Mot. Br. at 8.  Instead, Defendants allege it is merely the result of an "inadvertent oversight" that appears to have occurred around the time both actions were stayed at Plaintiff's request. *Id.*  Defendants further allege that Plaintiff cannot be prejudiced by the proposed amendment since it only seeks to "clarify the record" and does not otherwise affect the substance of the litigation or discovery already underway. *Id.*; *see id.* at 9–10 (noting that the proposed amendment does not raise "novel affirmative defenses that would prejudice Plaintiff").  Alternatively, Defendants seek leave for an extension of time to file the United States' response to Plaintiff's FTCA claim. *See id.* at 10–12.  Given the relevant circumstances, Defendants argue that the record supports a finding of excusable neglect and that the United States should be permitted to file its answer beyond the deadline.

Plaintiff opposes Defendants' motion and argues, *inter alia*, that the United States' failure to file a timely response to the FTCA claim warrants granting default judgment in Plaintiff's favor.  *See* ECF Nos. 103, 107.  Plaintiff alleges that Defendants' inaction was "not a mere oversight" and that to permit them to file a response now would be a "complete travesty or miscarriage of Justice." ECF No. 107 at 1.  Plaintiff subsequently filed another motion for default judgment [ECF No. 115], in which he briefly recites the arguments raised in support of his other motion.  This motion, however, is largely devoted to unrelated discovery issues that have no bearing on the relief sought.  Defendants oppose this motion, alleging it is Plaintiff's "seventh Motion for Default Judgment." Defs.' Opp'n to Pl.'s Second Mot. at 1 [ECF No. 122].  Defendants further allege that Plaintiff's

"successive filing is unnecessary and superfluous" and should be denied for the reasons already outlined in their prior opposition. *Id.* at 2.

## II.   DISCUSSION

### A.   Defendants' Motion

Given the unusual factual background and procedural history of this litigation, Defendants' motion implicates Rules 6, 15, and 16 of the Federal Rules of Civil Procedure. The United States has yet to file a responsive pleading to Plaintiff's FTCA action. The parties initially proceeded without either side addressing this deficiency, the Court issued a Scheduling Order [ECF No. 66], and Plaintiff's actions were consolidated. Pursuant to the Court's Scheduling Order, the deadline for seeking amendments to the pleadings expired on June 6, 2022. *See* Sched. Order ¶ 7. No party sought to extend this deadline. As a result, the United States' request to extend the time to answer is subject to Rule 6(b)'s excusable neglect standard. Defendants' collective request to incorporate the United States' response as an amendment to Tutela's answer filed in the *Bivens* action invokes Rules 15 and 16.[4] The Court, therefore, will address each of these issues in turn.

#### 1.   Extension of Time Under Rule 6

Pursuant to Rule 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on [a] motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."

---

[4] The Court notes that, standing alone, the request for an extension of time to answer would only implicate Rule 6(b). Nevertheless, Defendants collectively seek to amend the answer in the *Bivens* action to include a response to the FTCA action. As such, Defendants' motion also seeks to amend the *Bivens* answer under Rule 15, which requires modifying the Scheduling Order under Rule 16.

*Douglas Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)); *see Kimberg v. Univ. of Scranton*, 411 F. App'x 473, 477 (3d Cir. 2010) (citation omitted) ("At bottom, excusable neglect requires 'a demonstration of good faith on the part of the [movant] and some reasonable basis for noncompliance within the time specified in the rules.'").

In assessing whether a party's neglect is "excusable," a court must consider "'all relevant circumstances surrounding the party's omissions,' including (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the cause of the delay was within the reasonable control of the moving party; and (4) whether the movant acted in good faith." *Kimberg*, 411 F. App'x at 477 (quoting *Pioneer*, 507 U.S. at 395). Notably, "[a] plaintiff does not suffer cognizable prejudice simply because he is forced to litigate issues raised in a late answer." *Id.* at 479 (citation omitted). Because the Third Circuit "disfavor[s] default judgments, doubts as to whether a defendant should be permitted to file an untimely answer should be resolved in favor of allowing a determination on the merits." *Id.* (citation omitted).

On balance, the Court finds that these factors weigh in favor of allowing the United States to file a late answer. To start, there is no indication that Defendant acted in bad faith. Instead, the record readily establishes that Defendant proceeded promptly and in good faith upon learning of Plaintiff's action. One week after allegedly becoming aware of the action, Defendant filed an opposition to three motions filed by Plaintiff. Two weeks later, Defendant filed a letter advising the Court that it did not object to Plaintiff's request to stay the action. Shortly thereafter, the action was stayed. Upon being reopened, the action proceeded as if an answer had been filed and the initial conference was scheduled. It should also be noted the parties initially proceeded without either side addressing the absence of an answer from Defendant. Once the United States allegedly

6

realized this oversight, it first sought Plaintiff's consent in an attempt to obviate the need for filing such a motion. Plaintiff purportedly provided his consent to defense counsel but then withdrew it, and the parties' motions ensued. As such, the Court finds the United States' failure to file a timely answer resulted from excusable neglect as opposed to willful conduct. Although Plaintiff appears to argue that he would be prejudiced if a late answer is allowed, the facts and applicable case law clearly hold otherwise. Significantly, discovery has been proceeding in this matter as if an answer had been filed. The Court, therefore, finds that the United States has established excusable neglect and that good cause exists to allow the United States to file its answer late.

### 2. Amendments Under Rules 15 and 16

The threshold issue in resolving a motion to amend is determining whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure. Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Rule 16 on the other hand provides that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "[W]hen a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies. A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard." *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020).

"[U]nlike Rule 15(a)(2) and its focus on the question of prejudice to the non-moving party, Rule 16(b)(4) focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). In assessing diligence, district courts ask whether the moving party possessed, or through the exercise of reasonable diligence should

7

have possessed, the knowledge necessary to file the motion to amend before the deadline expired. *See Arzadi v. Evanston Ins. Co.*, No. 17-5470, 2021 WL 1712527, at *2 (D.N.J. Apr. 29, 2021) (citation omitted). "Good cause may be satisfied if the movant shows that their delay in filing the motion to amend stemmed from 'any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'" *Fermin v. Toyota Material Handling, U.S.A., Inc.*, No. 10-3755, 2012 WL 1393074, at *3 (D.N.J. Apr. 23, 2012) (alteration and citation omitted).

Here, the Court finds that Defendants have demonstrated good cause to permit the proposed amendment. The Court has already found that the United States' failure to timely respond resulted from excusable neglect and that good cause exists to allow it to file an answer beyond the deadline. Normally, the Court's analysis would end there. Nonetheless, Defendants' motion requires further analysis under Rules 15 and 16 in light of the contemplated form in which the United States intends to file its answer—as an amendment to Tutela's answer in the *Bivens* action. Defendants submit two copies of the proposed amendment, including a "marked up" version, in accordance with Local Civil Rule 15.1(a). *See* Defs.' Mot., Exs. 1, 2 [ECF Nos. 101-2, 101-3]. A review of the proposed amendment reveals the request is more about form over substance. No material changes are sought to Tutela's answer, which was filed prior to the cases being consolidated. Defendants merely seek to amend his answer to incorporate the responses and defenses of the United States. Plaintiff raises no substantive issue with the proposed amendment. In fact, he does not challenge the motion with respect to the request to amend. Even if the Court were to construe Plaintiff's opposition as raising an objection on the basis of delay, however, the objection would fail. This is because Defendants' delay in filing the instant motion is directly attributable to the excusable neglect which caused the United States to overlook its omission of an answer. This also accounts for the failure of counsel

to undertake complying with the Scheduling Order in a timely fashion, since the omission was not apparent to counsel prior to the expiration of the relevant deadline. Therefore, the Court will grant Defendants' request to modify the scheduling order and submit the proposed amendment.

### B. Plaintiff's Motions

Obtaining a default judgment is a two-step process. *See Sourcecorp Inc. v. Croney*, 412 F. App'x 455, 458 (3d Cir. 2011). First, a party must seek an entry of default by the Clerk of Court under Federal Rule of Civil Procedure 55(a), which provides that:

> [w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

*See DeTore v. Loc. No. 245 of Jersey City Pub. Emps. Union*, 511 F. Supp. 171, 176 (D.N.J. 1981) ("[T]he entry of default is an essential predicate to any default judgment."). Next, the party must apply to the court to convert the "default" into a "default judgment." *See* FED. R. CIV. P. 55(b)(2). And, when default judgment is sought against the United States, the claimant must "establish[] a claim or right to relief by evidence that satisfies the court." FED. R. CIV. P. 55(d); *see generally Handle v. Postmaster Gen., United States Postal Serv.*, 806 F. App'x 95, 100 (3d Cir. 2020) (citing FED. R. CIV. P. 55(d)) (describing the "heightened showing needed" as "a heavy burden" which, "as a practical matter, makes default judgment quite difficult to obtain").

Here, Plaintiff did not obtain an entry of default from the Clerk prior to filing his motions for default judgment. Thus, Plaintiff's motions are premature.[5] To be clear, Plaintiff's motions only seek relief as to the United States for failing to timely respond. However, because the Court

---

[5] The Court notes that, at this stage of the litigation, Plaintiff is well aware of this core deficiency and the law governing a motion for default judgment. At a minimum, the instant motions account for Plaintiff's fifth and sixth motion for default judgment. *See* ECF Nos. 33, 37, 39, 78, 99, 115.

9

is granting Defendants' motion and allowing the United States to file an answer past the deadline, the Court will dismiss Plaintiff's motions for default judgment as moot.

### III. CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **28th** day of **February**, **2023**, that Defendants' motion to amend answer, or alternatively, to extend the time to answer [ECF No. 101] is **GRANTED**; and it is further

**ORDERED** that Defendants shall file the Amended Answer and Affirmative Defenses in the form attached to the motion by **March 14, 2023**; and it is further

**ORDERED** that Plaintiff's motions for default judgment [ECF Nos. 99, 115] are **DENIED** as moot; and it is further

**ORDERED** that the Clerk's Office shall forward a copy of this Opinion and Order to Plaintiff *via* regular mail and shall enter a notation on the docket indicating the date upon which this Opinion and Order was forwarded to Plaintiff *via* regular mail.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc:  Hon. Renée M. Bumb, C.U.S.D.J.