[ECF No. 132]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE RONALD H. TUTTLE | Civil No. 20-2523 (RMB/SAK) |

**OPINION AND ORDER**

This matter is before the Court on *pro se* Plaintiff Ronald H. Tuttle's motion to compel [ECF No. 132]. The Court received the opposition of Defendants United States of America and C.O. Tutela (collectively, "Defendants") [ECF No. 134]. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

**I.     BACKGROUND**

Since the parties are well familiar with the case and its factual and procedural background, the Court incorporates by reference the discussion in its Opinion and Order granting Defendants' motion to amend answer and denying Plaintiff's motions for default judgment. *See In re Tuttle*, No. 20-2523, 2023 WL 2263385, at *1–2 (D.N.J. Feb. 28, 2023). By way of a brief background, the action involves a claim under the Federal Tort Claims Act against the United States and a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Tutela for an alleged Eighth Amendment violation. Plaintiff's claims arise out an alleged incident that transpired while he was an inmate confined at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey in late 2018. In sum, Plaintiff alleges he was sexually assaulted by Tutela, a corrections officer at FCI Fort Dix. Plaintiff further alleges that he suffered serious

physical injury and mental trauma. As a result, Plaintiff seeks monetary and injunctive relief as to both claims.

Plaintiff moves to compel Defendants to produce various documents regarding Tutela.[1] Specifically, Plaintiff seeks Tutela's disciplinary records, both formal and informal, from one year prior to Plaintiff's alleged incident in 2018 up to the last day Tutela worked at FCI Fort Dix. *See* Pl.'s Mot. at 8. In addition, Plaintiff seeks any inmate complaints against Tutela concerning "offensive touch[ing] . . . up to and including . . . pat down complaints." *Id.* at 2. Plaintiff contends there was an inmate named "Norton" at FCI Fort Dix who filed a complaint against Tutela around the same time as Plaintiff's alleged incident. *See id.* As such, Plaintiff seeks information regarding "Norton" on the basis that it "is 'relevant' in trying to locate [an] inmate with first, middle, or last name 'Norton.'" *Id.* at 3. Attached to Plaintiff's motion are "3 pages of more discovery" requests served on Defendants. *Id.* at 8. Plaintiff contends this discovery has "merit in proving that there was an inmate named 'NORTON' and that 'Tutela' is in fact Eric Tutela since [Defendants] say[] there was no NORTON and Tutela did not work on the day of [Plaintiff's] incident." *Id.* at 8–9.

---

[1] The Court notes that Plaintiff's motion was filed in contravention of the Court's Order directing the parties to meet and confer to narrow the scope of Plaintiff's request for inmate complaints, and if a resolution could not be reached, to submit a joint letter outlining the respective positions of the parties. *See* Order, Jan. 25, 2023, ¶ 4 [ECF No. 125]. The Court also notes that the failure to obey this Order is sanctionable under Federal Rule of Civil Procedure 16. *See* FED. R. CIV. P. 16(f)(1)(C) (citing FED. R. CIV. P. 37(b)(2)(A)(ii)–(vii)). The Court further notes that Plaintiff's motion fails to include an affidavit certifying that Plaintiff conferred with Defendants in a good faith effort to resolve the issues raised therein. *See* L. CIV. R. 37(b)(1). Nevertheless, given Plaintiff's *pro se* status, the Court will address the instant motion on its merits. However, Plaintiff is reminded that his *pro se* status does not exempt him from complying with procedural rules or court orders, or the consequences that may flow from failing to comply with them. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *see also Sykes v. Blockbuster Video*, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* litigants are "still expected to comply with the rules of procedure, as are all litigants, whether they are represented by counsel or not"). Accordingly, Plaintiff is cautioned that any future noncompliance with the Court's Orders or procedural rules will not be excused.

Defendants oppose Plaintiff's motion on four discrete grounds. First, Defendants argue that it is procedurally improper and directly contravenes the Court's Order. *See* Defs.' Opp'n at 1. Instead of joining "Defendants in submitting a joint letter regarding his proposed modifications to his original discovery request . . . , Plaintiff unilaterally filed a motion seeking to compel responses to his proposed modifications." *Id.* Next, Defendants argue that Plaintiff's motion amounts to a fishing expedition. *See id.* ("Plaintiff's proposed requests seek a broad array of inmate complaints about Defendant Tutela, regardless of their relevance to his claims."); *see also id.* at 9–14. Third, Defendants argue that Plaintiff continues to assert that they have not produced Tutela's disciplinary records, "despite knowing that Defendants previously responded that there are no such records." *Id.* at 2; *see id.* at 15–16. Defendants also argue that Plaintiff was previously provided with the results of a BOP investigation that found "no record of an inmate by the name of 'Norton'" at FCI Fort Dix in 2018. *Id.* at 4. Lastly, Defendants assert that, insofar as the motion seeks to compel responses to "3 pages of more discovery," the request is premature since the motion was filed "before the responses were even due." *Id.* at 16–17 (citing FED. R. CIV. P. 33(b)(2)). As such, Defendants argue that Plaintiff's motion must be denied.

## II.   DISCUSSION

Federal Rule of Civil Procedure 26 governs the scope of discovery in federal litigation and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Rule 26 is liberally construed to favor disclosure, as relevance is a broader inquiry at the discovery stage than at the trial stage. *See Tele-Radio Sys. Ltd. v. De Forest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981). While relevant discovery need not be admissible at trial in order to grant disclosure, the party seeking discovery bears the burden of "showing that the information sought is relevant

to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). Accordingly, a district court must limit the frequency or extent of discovery otherwise permissible under Rule 26 if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

FED. R. CIV. P. 26(b)(2)(C); *see Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999) (citation omitted) ("Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed.").

### A. Requests for Other Inmates' Complaints Against Tutela

Plaintiff seeks all formal or non-formal complaints "by any inmate" against Tutela from December 1, 2017 through January 10, 2019. *See* Pl.'s Mot. at 2.[2] Plaintiff also seeks any such complaints against Tutela concerning "offensive touches" or "pat down[s]." *Id.* Defendants argue "these requests are not relevant nor proportional to Plaintiff's claims in this case." Defs.' Opp'n at 10. In addition, Defendants argue that "BOP's records are not searchable in the manner suggested by Plaintiff's requests and would produce an undue burden that is not proportional to the needs of the case." *Id.* at 11. Because "BOP administrative remedy records are organized according to an inmate's registration number," Defendants argue they would need this number or the name of an inmate to perform such a search. *Id.* Defendants also argue it would require a BOP employee to

---

[2] The Court notes Plaintiff's motion initially states the relevant time period as December 1, 2018 through January 10, 2019. *See id.* However, because Plaintiff later identifies this time period as commencing one year prior to the incident underlying his complaint, *see id.* at 8, the Court has modified the first date to properly reflect Plaintiff's request.

4

subjectively determine what qualifies as an offensive touch- or pat down-based complaint. *See id.* Moreover, Defendants contend that these requests implicate confidentiality and Privacy Act issues, to the extent such records would contain information concerning other inmates. *See id.* Defendants further contend that "the only relevant documents would be complaints about the incident alleged in Plaintiff's complaint." *Id.* at 12. Plaintiff has only identified one such inmate, Walter Emery. *See id.* As such, Defendants propose that a reasonable narrowing of Plaintiff's requests would read as follows: "Documents reflecting complaints by Walter Emery regarding Defendant Tutela's alleged actions on December 16, 2018." *Id.*[3] Defendants also propose another alternative request, which would seek the following: "investigations completed concerning an inmate's allegation of sexual assault, as asserted in this complaint, made against Defendant Tutela during his employment in the BOP from 2015 to present." *Id.* at 13.[4] However, Defendants allege that any such complaints or investigations would be of minimal relevance because they would likely contain unsubstantiated allegations. *See id.* To the extent that the allegations of any such complaint or investigation were substantiated, these allegations would be reflected in Tutela's disciplinary file—which Defendants reiterate contains no such complaints, as Plaintiff is aware. *See id.* Finally, Defendants maintain that they cannot respond to Plaintiff's request for documents about an unidentified inmate named "Norton." *See id.* at 14. Apart from failing to explain the relevance of his Norton-based requests, Defendants assert that Plaintiff fails to acknowledge he was informed that the BOP was unable to identify any such inmate at FCI Fort Dix during the relevant time period. *See id.* at 14–15.

---

[3] Defendants also note that, "[g]iven the privacy concerns implicated, a release from Walter Emery prior to production of any such documents, if they exist, may be appropriate." *Id.* at 12–13.
[4] Defendants also note that any documents produced in response to either proposed request would be subject to the operative Discovery Confidentiality Order ("DCO") [ECF No. 100] in this matter. *See id.*

The Court agrees with Plaintiff that his request for inmate complaints against Tutela for a limited period of one year is relevant and proportional to the needs of the case. Defendants argue that Plaintiff's requests for complaints regarding "offensive touching" and "pat downs" are vague. However, these subcategories are subsumed by Plaintiff's overarching request for all complaints, formal or otherwise, made by inmates against Tutela during the relevant time period. Therefore, the Court will grant this request. The Court with further compel the production of any documents relating to investigations completed concerning an inmates' allegation of sexual assault, as asserted in Plaintiff's complaint, made against Defendant Tutela during his employment in the BOP from 2015 to present. Notwithstanding the outcome of the investigation(s), the Court finds any such investigation itself to be probative of the allegations in Plaintiff's complaint. As for any privacy concerns that may arise, and only insofar as such responsive materials exist, the Court will allow Defendants to redact personal identifiers and/or utilize initials in place of any such identifiers. The Court also notes that the production of any responsive materials will be subject to the DCO. With respect to Plaintiff's Norton-based requests, the Court will deny these requests, as Defendants have asserted that the BOP was unable to identify any such inmate. *See Victor v. Moss*, No. 20-425, 2021 WL 2290828, at *3 (M.D. Pa. June 4, 2021) (noting "the court cannot compel the production of things that do not exist").

### B. Request for Tutela's Disciplinary Records

Plaintiff seeks Tutela's disciplinary records, both formal and informal, from one year prior to Plaintiff's alleged incident in December 2018 up to Tutela's last day of work at FCI Fort Dix. *See* Pl.'s Mot. at 8. Defendants argue this request should be denied and again reiterate that Plaintiff is aware no such records exist. *See* Defs.' Opp'n at 16. Defendants cite to an amended discovery response provided to Plaintiff in December of 2022, which reads as follows: "Defendant Tutela

6

has not been subject to any disciplinary actions or demotions by the BOP from December 2015 to the present, and therefore, there are no responsive documents." *Id.*

The Court agrees with Defendants. Defendants simply cannot produce records that do not exist. Nor can the Court compel the same. *See Victor*, 2021 WL 2290828, at *3. For this reason, the Court will deny Plaintiff's request for Tutela's disciplinary records.

### C. Plaintiff's "3 Pages of More Discovery"

Plaintiff attaches to his motion "3 pages of more discovery." *See* Pl.'s Mot. at 8. To the extent that Plaintiff's motion seeks to compel this additional discovery, Defendants object. *See* Defs.' Opp'n at 16–17 (citing FED. R. CIV. P. 33(b)(2)) (noting that Plaintiff's motion was filed before the responses were even due). However, Plaintiff appears to suggest in his motion that this additional discovery was included "as a courtesy copy" for the Court. *See* Pl.'s Mot. at 9.

Based on the foregoing, the Court finds this additional discovery was not intended to be a subject of Plaintiff's motion to compel. Nevertheless, the Court must again remind Plaintiff that he is not to file or otherwise provide the Court with "courtesy copies" of such discovery materials. *See* Ct.'s Letter to Pl., Jan. 5, 2023, at 1 (quoting L. CIV. R. 26.1(c)(1)) ("Please be advised that discovery materials, including, but not limited to, initial and expert disclosure materials under Federal Rules of Civil Procedure 26(a)(1) and 26(a)(2), interrogatories, requests for production of documents, and requests for admissions 'shall not be filed [unless] used in a proceeding or upon order of the Court.'"). Accordingly, Plaintiff shall refrain from filing or otherwise submitting such discovery materials to the Court.

### III.     CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **18th** day of **August**, **2023**, that Plaintiff's motion to compel [ECF No. 132] is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Plaintiff's request for other inmates' complaints against Defendant Tutela is **GRANTED** in modified form. Plaintiff's request is **MODIFIED** to read as follows: (1) Any documents reflecting complaints, formal or otherwise, made by inmates against Defendant Tutela from December 1, 2017 through January 10, 2019; and (2) Any documents reflecting or relating to investigations completed concerning an inmates' allegation of sexual assault, as asserted in Plaintiff's complaint, made against Defendant Tutela during his employment in the BOP from 2015 to present. Defendants shall provide Plaintiff with any and all responsive materials by **August 28, 2023**; and it is further

**ORDERED** that Plaintiff's request for documents relating to an unidentified inmate named "Norton" is **DENIED**; and it is further

**ORDERED** that Plaintiff's request to compel production of Tutela's disciplinary records is **DENIED**; and it is further

**ORDERED** that the Clerk's Office shall forward a copy of this Opinion and Order to Plaintiff *via* regular mail and shall enter a notation on the docket indicating the date upon which this Opinion and Order was forwarded to Plaintiff *via* regular mail.

s/ Sharon A. King<br>
SHARON A. KING<br>
United States Magistrate Judge

cc: Hon. Renée Marie Bumb, Chief Judge